UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEROY GARDNER,<br>      Plaintiff,<br><br>      v.<br><br>ARLENE JAMES, in her<br>Individual Capacity as a<br>Professor at Quinsigamond<br>Community College,<br>      Defendant. | No. 22-cv-40107-GAO |

**REPORT AND RECOMENDATION ON MOTION FOR DEFAULT JUDGMENT**

Donald L. Cabell, Ch. U.S.M.J.

**I. Introduction**

Plaintiff Leroy Gardner ("Gardner") alleges in an amended complaint that defendant Arlene James ("James"), a former teacher at Quinsigamond Community College ("QCC"), made disparaging remarks about Gardner's race and ethnicity while teaching a medical administration training class at QCC during the summer of 2021, in violation of 42 U.S.C. § 1983 ("section 1983"). Pending before the court is a motion for a default judgment filed by Gardner following an entry of a default by the Clerk. (D. 27).

Gardner purports to have served James with the amended complaint (D. 15) and summons via delivery to 3 Thayer Pond Drive, North Oxford, Massachusetts ("North Oxford condo") on May 5, 2023.

James did not file an answer. Notably, she disputes that she had notice of the amended complaint.[1] As stated at a March 11, 2024 hearing on the motion, James points out that she moved out of the North Oxford condo a year before May 2023. For the reasons noted below, and chiefly because there is good reason to believe James was not ever served with a copy of the amended complaint, the court recommends that the plaintiff's motion for a default judgment (D. 27) be denied.

## II.  Legal Standard

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a default is entered, the Court, or the Clerk, can issue a default judgment to a party that moves for one. Fed. R. Civ. P. 55(b). Courts may set aside an entry of default for "good cause." Fed. R. Civ. P. 55(c).

## III.  Background

### A.  Procedural History

On September 26, 2022, Gardner initiated this lawsuit by filing a complaint against QCC and James, in her official capacity as a professor at QCC. (D. 1). There is no dispute that QCC and

---

[1] As noted below, the original complaint names James only in her official capacity. In contrast, the amended complaint names James in her individual capacity, and service of the amended complaint with this new individual capacity claim is therefore required.

2

James were served with a copy of the original complaint. (D. 6). Thereafter, and with leave from the court, Gardner filed the amended complaint on April 25, 2023, naming James in her individual capacity as the sole defendant. (D. 15). To effect service of the amended complaint, a deputy sheriff hired by the plaintiff left a copy of the amended complaint, along with the summons, for James at the North Oxford condo on May 5, 2023. (D. 18). He also mailed, via first class mail, the amended complaint and the summons to James at the same address. (D. 18).

On August 22, 2023, with no answer having been filed by James, the Clerk filed an entry of default along with a standing order regarding motions for a default judgment. (D. 19-20). The Clerk mailed both documents to the North Oxford condo but they were returned as undeliverable. (D. 21).

On September 19, 2023, Gardner filed a motion asking the Clerk to enter a default judgment against James. (D. 27, 27-1). On October 23, 2023, a process server successfully served James at 416 Main Street, Apartment 404, in Athol, Massachusetts ("Athol apartment") with the motion for a default judgment and affidavit. (D. 28-1).

On February 21, 2024, the court set a hearing on the motion for a default judgment, for March 11.[2] This time, the Clerk mailed

---

[2] The court set a previous hearing for February 26, 2024, and the Clerk mailed a copy of a notice for that hearing to James at the North Oxford condo. (D. 34-35). This mailing was returned as undeliverable. (D. 39).

3

a copy of the notice to James at the Athol apartment noted by the process server.[3] (D. 28-1, 35). James appeared at the hearing pro se and asserted she had never received a copy of the amended complaint because it was left at the North Oxford condo, where she did not live at the time of service. As stated at the hearing, this court credited this assertion. At the conclusion of the hearing, the court provided James with a copy of the amended complaint. The parties also agreed that James being provided a copy of the amended complaint in open court constituted service for purpose of the Rules of Civil Procedure governing service.

**B.  James' Address Changes**

At the March 11 hearing, James detailed her changes in residences since she left the North Oxford condo in April 2022. First, she moved from the North Oxford condo to an elderly housing facility located at 60 Charlton Street in Southbridge, Massachusetts ("Charlton Street facility"). She made arrangements for her mail to be forwarded to this address. She lived at the Charlton Street facility until November 2022, at which point she moved to live with a friend at 288 Denison Lane in Southbridge. When she left the Charlton Street facility, she made arrangements for her mail to be forwarded to this new address.

---

[3] The Clerk also mailed the notice to James at the North Oxford condo. (D. 35).

4

In January 2023, James moved in with a different friend who resided at 233 North Orange Road in Athol. While there, she had her mail forwarded to a post office box in Athol. A few months later, in April 2023, she moved to her current residence, the Athol apartment. She no longer uses the post office box, and has her mail forwarded to this current address.

The plaintiff has not challenged the accuracy or integrity of James' assertions.

**IV. Discussion**

The standard to set aside an entry of default for good cause is a "liberal one," meant to ensure actions are resolved on the merits. *Bryan v. Lark Hotels, LLC*, 323 F.R.D. 116, 117 (D. Mass. 2017). "There is no mechanical formula" to determine good cause. *Indigo Am., Inc. v. Big Impressions, LLC*, 597 F.3d 1, 3 (1st Cir. 2010) (citation omitted). Rather, courts consider various factors including: "(1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; . . . (3) whether a meritorious defense is presented[;]" as well as "(4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; [and] (7) the timing of the motion to set aside the entry of default." *Id.* (citation and brackets omitted); *see, e.g., Wilson v. Town of Fairhaven*, Civil Action No. 18-11099-PBS, 2019 WL 1757780, at *29 (D. Mass. Mar. 4, 2019) (setting aside entry of default and denying

5

motion for default judgment based on balancing above factors); *Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1989) (finding passage of time, or simply requiring party to litigate action, is not sufficient to show prejudice) (collecting cases).

Adequate service is required for a valid entry of default. *See Lu v. Baker*, No. 15-10615-PBS, 2016 WL 1464546, at *1-2 (D. Mass. Apr. 13, 2016) (denying pro se plaintiff's "motion for default" because he failed to effect service, which is "plaintiff's responsibility"); *Boateng v. Inter Am. Univ. of P.R.*, 188 F.R.D. 26, 30 (D.P.R. 1999) (denying motion to enter default because "[i]nsufficient service of process cannot support" entry of default, "even if [defendant] has actual notice of the action, because the Court has not yet acquired personal jurisdiction over the defendant"); *see also LaPre v. Nat'l Tax Verification, Inc.*, No. 05-40203-FDS, 2006 WL 8458666, at *2 (D. Mass. Sept. 18, 2006). To that end, the court can investigate matters of insufficient service *sua sponte*. *Lu*, 2016 WL 1464546, at *2 ("Lu mistakenly suggests that the court cannot look into sufficiency of process *sua sponte*."). Moreover, where, as here, the original complaint only names a defendant in his or her official capacity, service of an amended complaint against the same defendant in his or her individual capacity is required. *See Brittany O. v. Bentonville School Dist.*, No. 4:14CV00135 JLH, 2014 WL 5817017, at *2 (E.D. Ark. Nov. 7, 2014) ("[O]riginal complaint did not make Kimbrell a

6

party to this action in his individual capacity, so the summons and the amended complaint must be served on him pursuant to Federal Rule of Civil Procedure 4, which has not been done.").

Service on an individual can be made by "following the state law for serving a summons" in the state where the federal district court is located. Fed. R. Civ. P. 4(e)(1). In Massachusetts, service is valid if copies of the summons and complaint are left at an individual defendant's "last and usual place of abode." Mass. R. Civ. P. 4(d)(1). For an address to be considered an individual's last and usual place of abode, "there must be evidence that the defendant was continuing to use the address as [her] home." *United States v. Tobins*, 483 F. Supp. 2d 68, 76 (D. Mass. 2007). Thus, service is not proper if it is made to a location where the defendant no longer resides. *Id.* at 75-76 (collecting cases).

Once service is challenged, the plaintiff has the burden of proving proper service. *Rivera–Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992). A return of service generally serves as *prima facie* evidence that service was validly performed. *Blair v. City of Worcester*, 522 F.3d 105, 111 (1st Cir. 2008) ("[R]eturn of service generally serves as prima facie evidence that service was validly performed.") (citations omitted). If "sufficient rebuttal evidence" exists to refute the validity of the return of service, the burden shifts back to the plaintiff to

show proper service was executed. *Id.* at 111-12. Although "conclusory averments" are not enough to rebut proper service, affidavits are generally sufficient. *Jiang v. Tokyo II Steak House, Inc.*, 616 F. Supp. 3d 167, 174 (D. Mass. 2022).

James' defense that she did not receive service of the amended complaint has merit. *See Indigo*, 597 F.3d at 3; *Lu*, 2016 WL 1464546 at *1-2. To be sure, there is a return of service from the deputy sheriff, who, in leaving a copy of the complaint at the North Oxford apartment on May 5, 2023, stated that he served James at her "last and usual place of abode," thus establishing *prima facie* evidence of proper service. *See Blair*, 522 F.3d at 111. However, there is no evidence that James was still using the North Oxford apartment as her "home" at that time. *See Tobins*, 483 F. Supp. 2d at 76. According to James, she had by May of 2023 moved three times since last residing at the North Oxford apartment, rebutting the presumption of valid service. *See Tobins*, 483 F. Supp. 2d at 75-76.

In any event, good cause to set aside the entry of default is established by balancing the applicable factors. First, James did not willfully evade service where it appears that she moved out of the North Oxford apartment over a year prior to service but consistently arranged for her mail to be forwarded to each new address. *See Wilson*, 2019 WL 1757780, at *29. Second, there is no indication of prejudice. Similar to the plaintiff in *Coon*,

8

Gardner "does not claim that witnesses have died, that memories have dimmed beyond refreshment," or "that evidence has been lost." *Coon*, 867 F.2d at 77.

Third, the amount of money at stake is likely substantial, partly because a section 1983 claim presumptively allows a prevailing plaintiff to recover attorney's fees. *See Indigo*, 597 F.3d at 3 (noting that "courts may consider other relevant factors," including "the amount of money involved"); *Empower Energy Sols., Inc. v. Solar Wolf Energy, Inc.*, Civil Action No. 4:21-cv-40044-TSH, 2021 WL 7210989, at *2 (D. Mass. Aug. 31 2021) (stating that "*Indigo* factor[]" of "the amount of money involved" militated in favor of defendant's request to set aside entry of default because it "is substantial, especially considering that a prevailing plaintiff can collect treble damages under 93A"). Further, section 1983 allows a plaintiff to recover emotional distress damages, which could result in a significant amount if the purportedly *numerous* disparaging remarks by James recited in the amended complaint were proven to be true and impactful.  (D. 15, ¶¶ 12, 14-17, 20).  *See Roberts v. Roberts*, No. 95-12029-RGS, 1998 WL 151773, at *16 (D. Mass. Mar. 17, 1998) ("Compensatory damages for mental and emotional distress are recoverable for violations of rights protected by section 1983." (quoting *Kercado-Melendez v. Aponte-Roque*, 829 F.2d 255, 266-267 (1st Cir. 1987))).

9

Fourth, the nature of James' explanation for the default, another *Indigo* factor, see *Indigo*, 597 F.3d at 3, is well taken. Specifically, James in essence explained at the March 11 hearing that she moved several times and, as a result, was not at the North Oxford condo when the deputy sheriff left the copy of the amended complaint at that address in May 2023.

In sum, balancing all of the relevant *Indigo* factors, good cause exists to set aside the entry of default.

## V. Conclusion

In accordance with the foregoing, the court **RECOMMENDS**[4] that: (1) the motion for a default judgment (D. 27) be **DENIED**; (2) the entry of the default be set aside; and (3) James be ordered to file an answer to the amended complaint within 30 days.

/s/ Donald L. Cabell
DONALD L. CABELL, Ch. U.S.M.J.

DATED:  July 31, 2024

---

[4] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See *Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).